UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ATISH NARAYAN,

    Plaintiff,

v.

COMPASS GROUP USA, INC., et al.,

    Defendants.

No. 2:17-cv-00999-MCE-CKD

ORDER

Presently pending before the court is defendant Compass Group USA, Inc.'s motion to compel plaintiff's physical examination pursuant to Federal Rule of Civil Procedure 35. (ECF No. 27.) Plaintiff opposed this motion in the parties' January 9, 2019 joint status report. (ECF No. 30.) This matter was heard on January 16, 2019 at 10:00 a.m., before the undersigned. James Alan Clark appeared on behalf of plaintiff and Nathan V. Okelberry appeared on behalf of defendant. At the hearing, this matter was submitted on the papers without further argument. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.     RELEVANT BACKGROUND

Plaintiff Atish Narayan filed this action in the Superior Court of California on April 7, 2017, alleging various disability-based causes of action arising out of his employment with defendant Compass Group USA, Inc. (See ECF No. 1.) Defendant removed this matter to

federal court on May 12, 2017. (Id.) The parties have stipulated to the following:

> Plaintiff injured his knee at work, and subsequently underwent treatment through workers' compensation whereby he was continuously released to return to work without restrictions, resulting in him undergoing an examination by a Qualified Medical Examiner ("QME"). . . . [Defendant alleges] that Plaintiff had permanent work restrictions related to his knee, and . . . it was unable to accommodate those work restrictions, resulting in Plaintiff's employment being terminated. Plaintiff subsequently filed this lawsuit, alleging causes of action for (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Retaliation under FEHA; (5) Failure to Prevent; (6) Retaliation under CFRA; (7) Wrongful Termination in Violation of Public Policy; (8) Declaratory Relief; (9) Defamation.

(ECF No. 30 at 2-3.)

Plaintiff was examined by a QME in December 2016 and a QME report was issued on January 10, 2017. (ECF No. 30 at 5.) Defendant interpreted the QME report as precluding plaintiff from kneeling and squatting—permanent work restrictions that defendant determined it was unable to accommodate for plaintiff's position as a vault cashier. (ECF No. 30 at 5.) As a result, plaintiff was terminated. (Id.)

After filing this lawsuit, plaintiff produced an updated QME report from July 10, 2017 stating that plaintiff could return to work. (Id. at 6.) In his deposition, plaintiff testified that after his injury, he was able to perform all job duties without restrictions, assistance, or any other issue. (Id.) Defendant disputes the veracity of this report and testimony. (Id. at 7.)

In the initial pretrial scheduling order, the court ordered that "[a]ll discovery, with the exception of expert discovery, shall be completed no later than three hundred sixty-five (365) days from the date the federal case was opened." (ECF No. 6 at 2.) Initial expert disclosures were ordered "not later than sixty (60) days after the close of discovery." (Id. at 3.) The parties later stipulated, and the court approved, extending the close of non-expert discovery to November 30, 2018. (ECF Nos. 24, 25.) As such, initial expert disclosures are due by January 29, 2019.

Defendant first requested that plaintiff stipulate to a physical examination of his knee on October 11, 2018. (ECF No. 30 at 2.) Plaintiff refused to so stipulate. The parties further met and conferred in person on October 23, 2018 regarding this issue, but were unable to reach an agreement. (Id.)

On December 10, 2018—after the close of non-expert discovery but before the close of expert discovery—defendant moved to compel plaintiff to undergo an orthopedic examination of his knee by defendant's retained orthopedist, Dr. Adam Brooks, pursuant to Federal Rule of Civil Procedure 35, asserting that plaintiff's knee condition is in controversy and good cause exists for such an examination. (ECF Nos. 27, 30 at 3-16.) Defendant requests that the examination take place within the next thirty (30) days by Dr. Brooks at a medical office in Sacramento County. (ECF No. 30 at 16.)

Plaintiff maintains that defendant's motion is untimely because defendant did not bring it prior to the close of non-expert discovery, and that the proposed examination is unreasonable because the current condition of plaintiff's knee is not in controversy. (Id. at 16-22.)

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 35, the court "where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). However, an order compelling examination "may be made only on motion for good cause." Fed. R. Civ. P. 35(a)(2)(A).

"Rule 35, therefore, requires discriminating application by the trial judge, who must decide . . . whether the party requesting a . . . physical examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). These requirements cannot be "met by mere conclusory allegations of the pleadings—nor by mere relevance to the case." Id. at 118. Rather, the moving party must make an affirmative showing "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id. at 119. "Of course, there are situations where the pleadings alone are sufficient to meet these requirements" such as when a plaintiff in a negligence action asserts physical injury, "places that . . . physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id.

3

III. DISCUSSION

A. Timeliness of the Motion

As a threshold issue, plaintiff asserts that this motion is untimely, relying on Miksis v. Howard, 106 F.3d 754 (7th Cir. 1997). Plaintiff asserts that "[d]enial of a Rule 35 examination as untimely is proper where, as here, the requesting party is or should be aware of the potential need for an examination, but fails to diligently pursue it." (ECF No. 30 at 16 (citing to Miksis, 106 F.3d 754).) Plaintiff's argument unavailing.

First, plaintiff's argument is undermined by that fact that defendant initially requested the Rule 35 exam before the close of fact discovery, but plaintiff refused to comply with the request. (ECF No. 30 at 2.) As explained below in detail, defendant has demonstrated good cause for this examination. If plaintiff had stipulated to the examination when defendant first requested it on October 11, 2018, then this issue could have been resolved before the end of fact discovery on November 30, 2018. Thus, defendant has pursued this examination diligently.

Second, plaintiff's reliance on Miksis is inapposite. The court in Mailhoit v. Home Depot U.S.A., Inc. has explained, under similar circumstances, why the rule plaintiff seeks to apply is inappropriate:

> Plaintiff's reliance on Miksis v. Howard, 106 F.3d 754, 758 (7th Cir. 1997), for the proposition that a Rule 35 examination must be conducted prior to the close of fact discovery where a party's injuries are a "known issue in the case and an independent exam i[s] reasonably foreseeable" is misplaced. (Jt. Stip. at 14). Plaintiff in Miksis suffered a devastating physical injury when defendant's truck knocked him out of the bucket of an aerial-lift truck while he was changing the lightbulb in a traffic light. Miksis, 106 F.3d at 756. The plaintiff was hospitalized for six months, and even after discharge only slowly learned to walk with the aid of a cane and leg braces, and continued to have difficulty manipulating objects with his hands and processing information. Id. at 757. The court concluded that plaintiff's "brain damage causing permanent physical and cognitive impairments" made the need for a prediction of [p]laintiff's high medical costs for the remainder of his life "clearly foreseeable" such that it was unreasonable for defendant not to seek a Rule 35 examination during fact discovery. Id. at 758. In contrast, "this is an employment discrimination case, not a personal injury case, and the need for expert medical testimony is less foreseeable."

No. CV1103892DOCSSX, 2013 WL 12122580, at *6 (C.D. Cal. Jan. 24, 2013).

Furthermore, a holding from the Seventh Circuit is not binding on this court. Indeed,

judges within the Eastern District of California have previously held that a Rule 35 examination is properly part of expert discovery, and not untimely when brought after the completion of fact discovery, unless the scheduling order explicitly requires otherwise. For example, In <u>Minnard v. Rotech Healthcare Inc.</u>, the court determined that a report from an independent medical examiner ("IME") is an expert report because "[t]he Rule 35 exam and the retained expert's opinions are inextricably intertwined." No. S-06-1460 GEB GGH, 2008 U.S. Dist. LEXIS 6149, at *7 (E.D. Cal. Jan. 15, 2008). The court in <u>Silva v. Mercado Food Enter., Inc.</u> agreed, reasoning that after a Rule 35 exam, an IME "would not merely recite the objective results of the examination but would interpret them and conclude for the trier of fact"—conduct that is quintessentially expert in nature. No. 1:10-CV-02368 AWI, 2012 WL 174926, at *5 (E.D. Cal. Jan. 20, 2012). The court further observed that "Rule 35 does not set forth when a demand for an IME must be made . . . [but] permits the Court to grant a request for an IME whenever a case is 'pending.'" <u>Id.</u> (citing Fed. R. Civ. P. 35). As a result, the court in <u>Silva</u> granted a Rule 35 motion similar to the one pending before this court, which was also brought after the close of fact discovery. <u>Id.</u> at *6.

      This court concurs that a Rule 35 medical examination may occur as part of expert discovery. Initial expert disclosures are due by January 29, 2019. (<u>See</u> ECF Nos. 6 at 2; 25.) "[A]ll discovery of expert witnesses [is to be completed] in a timely manner in order to comply with the Court's deadline for filing dispositive motions. . . . [which shall occur] no later than one hundred eighty (180) days after the close of non-expert discovery." (ECF No. 6 at 4.) The scheduling order does not specifically contemplate Rule 35 examinations. (<u>See</u> ECF No. 6.) Therefore, defendant's Rule 35 motion is timely.

      Moreover, the court is "to construe Rule 35 liberally in favor of granting discovery . . . [and] a purpose of Rule 35 is to level the playing field between parties in cases in which a party's physical or mental condition is in issue." <u>Silva</u>, WL 174926, at *6 (citing <u>Schlagenhauf</u>, 379 U.S. at 114-15). Liberally construing Rule 35 here, the court is hesitant to deny the requested exam because not only is the scheduling order silent on the timing of such an exam, but also because plaintiff rebuffed defendant's first request for the exam which came before the close of fact discovery. <u>See</u> <u>Id.</u>

5

B. <u>Merits of the Request</u>

Having established that the motion is timely, the remaining issues are whether defendant has demonstrated that the condition of plaintiff's knee is in controversy and that good cause exists for a physical examination of plaintiff's knee. <u>Schlagenhauf</u>, 379 U.S. at 118-19.

1. *In Controversy*

Defendant asserts that the condition of plaintiff's knee is in controversy based upon the nature of plaintiff's allegations "that he was wrongfully terminated based on a misinterpretation of his work restrictions." (ECF No. 30 at 8.) Defendant also claims that both plaintiff's statements in his deposition --"that he was in fact able to perform all work duties without restrictions at all relevant times," -- and the July 10, 2017 updated QME report place the condition of plaintiff's knee in controversy. (<u>Id.</u>)

Additionally, defendant points to its affirmative defense that plaintiff's action is barred if defendant can show that plaintiff "cannot perform th[e] duties [of his employment] in a manner that would not endanger his or her health or safety of the health or safety of others even with reasonable accommodations." (<u>Id.</u> (citing Cal. Gov't. Code § 12940(a)).)

Finally, defendant asserts that plaintiff "will certainly offer the medical opinions of his retained experts, including Plaintiff's treating physicians, at the time of trial. . . . Accordingly, Defendant should have an opportunity to have Plaintiff evaluated by its own independent expert to respond to the conflicting medical reports that have surfaced, as well as the expert testimony Plaintiff will introduce at trial." (ECF No. 30 at 9.)

Plaintiff counters that his "current health as it relates to his knee, whether better or worse as compared to when he was fired, *is not* in controversy. His knee condition at the time of termination, of course, *is* in controversy." (<u>Id.</u> at 19 (emphasis in original).)

However, plaintiff's pleading alone demonstrates that the condition of plaintiff's knee is in controversy because the pleading shows that this case is a "disability discrimination case in which a physical examination may lead to the discovery of admissible evidence on the existence, validity or extent of a Plaintiff's claimed disability." <u>Stein v. Tri-City Healthcare Dist.</u>, No. 12-CV-2524-BTM (BGS), 2014 WL 12670811, at *2 (S.D. Cal. Apr. 4, 2014); see <u>Schlagenhauf</u> 379

6

U.S. at 119 ("there are situations where the pleadings alone are sufficient to meet the[] requirements" of Rule 35).

Additionally, plaintiff's deposition testimony and updated QME report each concern the status of plaintiff's knee condition after he was terminated. It is reasonable that a current examination of plaintiff's knee may shed light on plaintiff's knee condition such that Dr. Brooks will be able "to provide a complete and objective opinion of Plaintiff's condition" as it relates to plaintiff's claims and defendant's affirmative defenses. Stein, 2014 WL 12670811, at *3.

        2. *Good Cause*

The good cause for the examination of plaintiff's knee is largely demonstrated by the underlying controversy. As defendant persuasively argues,

> Plaintiff's projected pain and suffering as a result of his injury requires further physical examination of his knee, as it goes directly to whether Plaintiff could perform the essential functions of his position with or without accommodation. This, coupled with Plaintiff's testimony and "updated" QME report indicating that he has no work restrictions and can perform all required job duties without issue, necessitates an updated physical exam for the parties to accurately evaluate Plaintiff's work status.

(ECF No 30. at 10.)

Rule 35 is meant to level the playing field so that both sides have adequate expert evidence regarding plaintiff's medical condition. See Schlagenhauf, 379 U.S. at 114-15. Here, plaintiff's claims are likely to rise and fall in relation to how the facts in the record paint the picture of his knee condition. Thus, defendant has good cause to have its medical expert examine plaintiff's knee, so that the expert will have a complete picture of the pertinent facts.

Finally, as defendant seeks a single orthopedic examination, such examination is neither overly burdensome nor overly invasive.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel plaintiff's physical examination pursuant to Federal Rule of Civil Procedure 35 (ECF No. 27) is GRANTED.

2. Within seven days of this order, the parties shall meet and confer to schedule the

physical examination of plaintiff's knee by defendant's retained orthopedist, Dr. Adam Brooks.

Dated: January 17, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE